**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KIMBERLY CHANCELLOR,

    Defendant - Appellant.

No. 25-5072
(D.C. No. 4:08-CR-00022-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.
_____

In 2008 a jury convicted Kimberly Chancellor of one count of aggravated sexual abuse of a minor in Indian Country and two counts of attempted aggravated sexual abuse of a minor in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2246(2)(A)–(D). Evidence in support of his conviction included eye-witness testimony, the testimony of his victims, and his decision to leave his home in Oklahoma to live on the streets in Dallas, Texas, after law enforcement began

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

investigating him.  This court affirmed on direct appeal.  *See United States v.*

*Chancellor*, 376 F. App'x 826, 827 (10th Cir. 2010).

Seventeen years after his conviction, in 2025, Mr. Chancellor, pro se, brought

a motion for DNA testing under 18 U.S.C. § 3600.  The district court denied the

motion.  Mr. Chancellor made later filings that the district court construed as

attempts to correct deficiencies in his earlier motion, but the court still denied relief.

Mr. Chancellor appeals, again proceeding pro se.[1]

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.  We review the

district court's interpretation of § 3600 de novo as a question of law, and we review

its underlying fact findings for clear error.  *See United States v. Fasano*, 577 F.3d

572, 575 (5th Cir. 2009); *see also United States v. Jordan*, 594 F.3d 1265, 1270

(10th Cir. 2010) (concurring opinion by Lucero, J.) ("[T]he district court's ultimate

determination of whether a prisoner is entitled to DNA testing is not within its

discretionary power.  Thus, it is a legal determination that we review de novo.").

Under § 3600(a) the district court that entered a judgment of conviction for a

federal offense "shall order DNA testing of specific evidence if the court finds that

---

[1] Because Mr. Chancellor proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  For instance, we do not act on his two-word first issue on appeal, "[i]mproper [v]enue," Aplt. Opening Br. at 3, because it consists of "[a] mere conclusory allegation[] with no citations to the record or any legal authority for support."  *Garrett*, 425 F.3d at 841.

all" of ten specific, enumerated requirements apply.[2]  The district court identified

multiple, independent shortcomings in Mr. Chancellor's motion.  Among them, the

_____

[2] The ten requirements in § 3600 are as follows:

> (1) The applicant asserts, under penalty of perjury, that the applicant is actually innocent of . . . the Federal offense for which the applicant is sentenced to imprisonment or death . . . .
>
> (2) The specific evidence to be tested was secured in relation to the investigation or prosecution of the Federal . . . offense referenced in the applicant's assertion under paragraph (1).
>
> (3) The specific evidence to be tested--
>
>> (A) was not previously subjected to DNA testing and the applicant did not knowingly fail to request DNA testing of that evidence in a prior motion for postconviction DNA testing; or
>>
>> (B) was previously subjected to DNA testing and the applicant is requesting DNA testing using a new method or technology that is substantially more probative than the prior DNA testing.
>
> (4) The specific evidence to be tested is in the possession of the Government and has been subject to a chain of custody and retained under conditions sufficient to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing.
>
> (5) The proposed DNA testing is reasonable in scope, uses scientifically sound methods, and is consistent with accepted forensic practices.
>
> (6) The applicant identifies a theory of defense that--

3

motion was untimely because Mr. Chancellor filed it over 180 months after his conviction.  *See* § 3600(a)(10)(B).

Mr. Chancellor does not address the district court's finding of untimeliness in his briefing on appeal.  He also failed before the district court, and before this court, to identify any "specific evidence to be tested," thus failing to satisfy 18 U.S.C. §§ 3600(a)(2), (3), (4), and (8).  To the contrary, in his briefing on appeal he asserted that "[t]here was absolute[ly] no physical evidence," and that "there was no DNA evidence."  Aplt. Opening Br. at 2.

----

(A) is not inconsistent with an affirmative defense presented at trial; and

(B) would establish the actual innocence of the applicant of the Federal . . . offense referenced in the applicant's assertion under paragraph (1).

(7) If the applicant was convicted following a trial, the identity of the perpetrator was at issue in the trial.

(8) The proposed DNA testing of the specific evidence may produce new material evidence that would--

(A) support the theory of defense referenced in paragraph (6); and

(B) raise a reasonable probability that the applicant did not commit the offense.

(9) The applicant certifies that the applicant will provide a DNA sample for purposes of comparison.

(10) The motion is made in a timely fashion . . . .

18 U.S.C. § 3600(a).

Mr. Chancellor's failure to address the multiple alternative bases for the court's ruling is sufficient grounds to affirm. *See Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020) ("If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling.").[3] We affirm the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[3] Mr. Chancellor also filed in this court a "Motion for DNA testing," and an "addendum" thereto, again relying on § 3600 and making nearly identical arguments as he made before the district court. We deny those motions. Section 3600 sets forth conditions for an order for DNA testing by "the court that entered the judgment of conviction," § 3600(a), not the appellate court.